### NICHOLS v. LITTLE.

### Opinion delivered March 23, 1914.

1. ATTORNEY AND CLIENT—COLLECTION FOR CLIENT.—Evidence held to show that appellant, to whom appellee had originally handed a note for collection, held the same for collection merely, and not as purchaser thereof. (Page 216.)

2. EVIDENCE—COMPROMISE—COMPETENCY.—When the defendant, in his answer, alleged a compromise and introduced evidence in support of the allegation, he can not object to the plaintiff's showing the facts in regard to the alleged compromise or settlement. (Page 217.)

3. ATTORNEYS—DISBARMENT—PREFERMENT OF CHARGES.—Kirby's Digest, §§ 450-466, providing how an attorney may be suspended from the practice, contemplates that formal charges for that purpose shall be made against the attorney, and a prayer in a complaint, charging defendant with failing to turn over to his client funds. collected, and asking judgment against the defendant, that the court deal with him as the court might deem just under the circumstances, is an insufficient charge upon which to base an order, suspending defendant from practice. (Page 218.)

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk,* Judge; affirmed in part and reversed in part.

*C. T. Lindsey* and *Marshall & Coffman,* for appellant.

1.   This being a summary proceeding and not an action at common law, the court's finding has not the binding force of the verdict of a jury and the case must be heard *de novo* by this court upon the evidence.  26 Ark. 281; 32 *Id.* 553; 24 Cyc. 128-137.

2.   Taking Nichols' note was a ratification of the sale.   14 S. E. 444.

3.   The sale was not void on account of the relations of attorney and client.   73 Ark. 575.

4.   There is warrant in the law for the order suspending appellant from practice.   101 Ark. 210; Kirby's Dig., § § 449-466.

*Vaughan & Akers,* for appellee.

1.   No question of a *de novo* trial was touched in 26 Ark. 281, nor 32 Ark. 553.

2.   No sale of the note was proven, but, if so, it was void.   73 Ark. 575.

3.   The suspension of appellant from practice has no bearing upon the issues of this case between him and appellee.

4.   The compromise question was brought in the case by appellant and he can not complain.

SMITH, J.   This was a summary proceeding in the Pulaski Circuit Court against appellant, an attorney of said court, charging that he was employed by appellee in the year 1909 to collect $400 due her by the Arkansas Baptist College and that in said year he collected said sum but failed and refused to pay same over to her after demand.   The notice of the motion for a summary judgment concluded with the following statement:   ''Wherefore, premises considered, plaintiff will on the date first above mentioned move this honorable court to give her a summary judgment against you for said sum of $400, less your said fee as attorney; and to deal with you further as the court may deem just under the circumstances.''

Appellant responded to this motion alleging that appellee had placed in his hands for collection a note payable to her order, executed by the Arkansas Baptist Col-

lege, with the understanding that he should have a fee of one-fifth of any amount collected by him and that he had only collected the sum of $25, which he had paid appellee. He alleged that he had been unable to make the collection, and, acting under appellee's instructions, had attempted to sell the note, but had been unable to secure a purchaser, and after some negotiations finally bought the note from appellee for the sum of $50. He says that he thereafter brought suit on said note in his own name and collected the $400 balance due, and that when appellee had heard what he received thereon she became dissatisfied and made complaint to him, whereupon, to pacify appellee, he, on October 7, 1910, gave her his note in the sum of $150, payable one year after date, and after paying the interest at the maturity of the note gave her a new note for $150 due one year from its date. Appellant alleged that he offered to pay appellee through her attorneys the said $150 note and the interest thereon in full satisfaction of all sums due from him to her, but same had been refused, and appellant made tender of that amount by bringing the same into court and offering the same in full satisfaction of any demand of appellee against him.

It is impossible to reconcile the evidence. According to appellee's contention, he bought the note for the sum of $50 and took an assignment of it by the following endorsement written upon its face:

"Sold to W. H. Nichols, February 1, 1908, for valuable consideration.

"Julia Little.

"Witness: W. H. H. Riley."

Appellee was corroborated by Riley, who testified that he witnessed the transaction between the parties and signed appellee's name at her request. Appellant admits collecting the entire amount of the note some time after having brought suit upon it, and testified that when appellee became aware of that fact she told him that the neighbors had chided her for having sold the note for such a small sum, and that she asked him to give her a

note for the sum of $150 just to show them, and that he executed this note without knowing that appellee would expect him to pay it. He admits, however, that she did call upon him for its payment and he paid a year's interest thereon under protest, and finally executed a new note in renewal of the old one, and this is the note which, with the interest thereon, appellant in his response offered to pay in full satisfaction of appellee's demand against him. The effect of his contention is that, although he did not owe this note, he had executed it and renewed it in compromise and settlement of appellee's demand, and made a tender in satisfaction of that compromise.

Appellee was a colored woman seventy-three years of age, and was uneducated, but appears to have owned some income producing property in the city of Little Rock and to have had several hundred dollars in money, and had intrusted the management of all her business affairs to appellant. The note which appellant had for collection was dated January 5, 1900, and was originally for the sum of $700; but various payments had been made on this note until only the sum of $475 was due on it at the time it was placed in appellant's hands for collection. Appellee did not want to sue the college for the reason that her husband had been one of the trustees of that institution in his lifetime, and she said that she regarded the note as perfectly good, and she thought appellant could make the collection by annoying the trustees about the note; but appellant finally said that he would be unable to make collection and it would be necessary to bring suit and that the note would have to be endorsed to him before he could bring suit in his own name. She further testified that she wrote her name across the face of the note and that the words, "Sold to W. H. Nichols, February 1, 1908, for a valuable consideration," were subsequently written above her signature, and that they were placed there without her knowledge. There was evidence tending to corroborate her in this contention, and there was other evidence corroborating

and contradicting each of the parties, which it will not be necessary to set out. Appellee's confidence in appellant is shown by the fact that she deposited in his name in the Capital City Savings Bank the sum of $600, and he testified that he had no knowledge of this deposit until that institution failed.

We think that even though the endorsement above appellee's name might have been written there before her own name was signed, that this was done simply to transfer the note to appellant and to authorize him to sue in his own name. Appellee regarded the note as being worth its face value, notwithstanding the difficulty she experienced in the collection of it, and she appears to have been in no need of money. She further testified that appellant paid her $50 shortly after he had brought suit on the note and that he later gave her the $150 note to cover additional collections which he had made thereon. And upon the whole case, we think the evidence abundantly sustains the finding that appellant did not have the note as a purchaser, but only for the purpose of collection as an attorney.

Upon appellant's cross examination, the attorney for the appellee was permitted over appellant's objection to interrogate him touching an alleged offer of compromise which had been made for the settlement of this claim. Such evidence is ordinarily incompetent, and in this case would call for the reversal of the judgment but for the fact that appellant had alleged in his response a compromise and settlement, and had given evidence in support of this allegation. Having injected that issue into the case, it was not improper for appellee to show what the facts were in regard to that settlement, for the effect of this evidence is to disprove the allegation that the $150 note had been executed in satisfaction of the controversy of appellant's alleged purchase.

At the conclusion of the evidence the court awarded judgment against appellant for the amount of the note with the interest thereon less the attorney's fee of 5 per cent, which appellee had agreed to pay him, and, there-

upon, without further pleadings having been filed, entered an order as a part of the judgment in this case suspending appellant from the practice of law until a committee appointed by the court should prepare and file against appellant charges looking to his disbarment, by reason of his acts as herein found and until the further order of that court.

Section 449 of Kirby's Digest provides that if an attorney receiving money for his client shall refuse or fail to pay the same over on demand, such attorney may be proceeded against in a summary manner on motion before the circuit court, and the court shall render judgment against him for the amount of money received by such attorney for the use of his client with cost, and that said attorney shall be further dealt with as the court may deem justifiable.

Section 450 of Kirby's Digest provides that an attorney who shall be guilty of any felony or infamous crime, or improperly retaining his client's money, or of any malpractice, deceit or misdemeanor in his professional capacity, or shall be an habitual drunkard, or shall be guilty of any ungentlemanly conduct in the practice of his profession, may be removed or suspended from practice upon charges exhibited against him. The pleadings in this case consist of a motion for a summary judgment with a response thereto, and, while it is true that this motion, in addition to the judgment, prayed the court to deal with the appellant as the court might deem just under the circumstances, yet we think this motion alone did not furnish a proper basis for the action of the court in suspending appellant from the practice of his profession. The purpose of this motion was to obtain a summary judgment against appellant, and incidentally called the attention of the court to his unprofessional conduct. This motion recites facts which might properly have formed the basis of a formal charge against appellant but it could not itself serve that purpose. Sections 450-466 inclusive of Kirby's Digest, providing how an attorney may be suspended from the prac-

tice, contemplates that formal charges for that purpose shall be made against the attorney, and section 452 reads as follows:

"The court in which such charges may be exhibited shall fix a time for the hearing thereof, allowing a reasonable time to notify the accused."

And section 453 provides that the clerk of the court in which such charges may be exhibited shall issue a citation notifying the accused to appear at the time and place fixed for hearing and answer the charges exhibited against him, to which a copy of the charges shall be attached. And section 454 provides that this citation shall be served in the same manner as a summons and at least ten days before the return day thereof. There was no attempt made to comply with these requirements and the court should have done nothing more than to appoint its committee to prefer the charges, based upon the motion before it and the evidence offered at the hearing of that motion.

The practice in such cases is defined in the case of *Wernimont* v. *State ex rel. Little Rock Bar Association,* 101 Ark. 210, where it was said: "The proceedings for the disbarment of attorneys are not formal. The prosecution thereof may be conducted in the name of the State by its prosecuting officer (*Turner* v. *Commonwealth, supra*), or the court may require a member of the bar to present and prosecute the charges (*State* v. *Harper, supra*). After due and proper notice has been given to the defendant of the charges preferred against him, the court has the power to proceed with the trial of the matter according to the rules of practice adopted by it, not contrary to any procedure prescribed by statute." In that case it was held that the attorney was entitled to a trial by jury, although the judgment in that case was affirmed, notwithstanding a trial by jury had been refused; but this was so because the court found that under the undisputed evidence in the case a verdict should have there been directed, even though the trial had been before a jury. But in the present case the evidence is

not undisputed, and appellant would be entitled to a trial by jury. He can not be said to have waived this right because he was not entitled to demand a jury upon the hearing of the motion for the summary judgment.

The judgment of the court below in awarding summary judgment will be affirmed; but its order suspending appellant from the practice of law will be reversed without prejudice to any independent proceeding for disbarment.