## DICKERSON *v.* STATE.

### Opinion delivered July 12, 1915.

1. ATTORNEYS, DISBARMENT—PUNISHMENT FOR CONTEMPT.—Disbarment of an attorney is no part of the punishment prescribed by statute for any contempt of which he may be guilty, nor does his punishment for any such contempt prevent his being disbarred from practicing in any court, or all the courts of this State, if such act is one warranting disbarment.

2. ATTORNEYS—DISBARMENT—PROCEDURE.—The statute (Kirby's Digest, §§ 450-466) prescribes the proceeding for disbarment, which

contemplates definite charges exhibited against the offender, and a time for a hearing fixed, of which he shall be notified.

3.   ATTORNEYS—DISBARMENT—PROCEDURE.—Disbarment proceedings are not criminal but civil in their nature; the accused is entitled to a trial by jury in a proceeding to disbar, if he requests it, and the judgment of suspension or removal operates as a removal or suspension from practice in all the courts of this State.

4.   ATTORNEYS—CONTEMPT PROCEEDINGS—PUNISHMENT—DISBARMENT.—A proceeding to punish an attorney for contempt, and one for disbarment also, can not be joined in the same charge; nor can disbarment or suspension from practice as an attorney and counselor at law be inflicted as punishment for contempt of court in a proceeding for contempt, although courts have power both to disbar and to punish for contempt.

5.   ATTORNEYS—DISBARMENT—NOTICE.—An attorney can not be disbarred or suspended from the practice without proper notice as required by the statute.

Appeal from Sebastian Chancery Court; *W. A. Falconer,* Chancellor; disbarment judgment quashed, affirmed as to contempt.

### STATEMENT BY THE COURT.

Appellant asks a review of the chancellor's decree, adjudging him guilty of contempt of court and striking his name from the roll of attorneys permitted to practice in the chancery court of Sebastian County, in effect disbarring him from the practice in that court.

The chancellor on March 31 entered of record in the chancery court a charge against P. H. Dickerson, appellant, John and Edith Garvey and W. E. Martin, "of conspiracy to obtain a divorce from Edith Garvey by false affidavits and false testimony, and after reciting that she made affidavit to secure permission to sue as a pauper, when the testimony of her mother disclosed that she had paid said Dickerson a fee of $25 to obtain the divorce, which money was furnished by Martin, who was living in adultery with her, and that they presented and filed in court what purported to be an affidavit of John Garvey, made in Fort Smith, Arkansas, on March 29, 1915, in which affidavit John Garvey purported to waive service of summons on him and agreed that the cause of

Edith Garvey against him might be tried by the court at chambers at any time.

"It appears from the testimony produced that John Garvey was not in Fort Smith at that time and that said attorney, P. H. Dickerson, and the said Edith Garvey and W. E. Martin offered said affidavit as true, and it was false and not executed by John Garvey; that the said defendants and each of them have abused the process of this court, and are guilty of contempt therein and also for the reason above set out to permit the defendants to make defense." Each of them was notified on the 31st day of March, 1915, of the charge and given until April 1, 1915, to produce testimony and make a defense.

The cause was continued on motion of the defendant to April 5, at which time he pleaded not guilty and asked for a continuance, which was denied.

Testimony was introduced tending to substantiate the truth of the matter charged, and it was shown that appellant had filed in the chancery court the following purported affidavit:

"Sebastian Chancery Court, Fort Smith District.
"Edith Garvey, Plaintiff,
        v.
"John Garvey, Defendant.

"Comes the above named plaintiff and defendant, and agrees that this cause now pending in Sebastian Chancery Court may be heard at chambers before Hon. W. A. Falconer, chancellor, in his chambers at Fort Smith, Arkansas, and that the finding may be entered of record as same as if tried in regular term time.

"The defendant further agrees, and does hereby waive service in the above titled cause, and that this cause may be tried at any time, and entered of record as though he, the defendant, had been served with regular service.

(Signed)          "John Garvey, Defendant.
                "............................
                    "Plaintiff.

"Subscribed and sworn to before me this the 29th day of March, 1915.

(Seal)                          "S. C. Reagan,
                                    "Notary Public.

"Pen and ink notation.

"Recommended as being correct person by P. H. Dickerson. Same being a stranger to me. I make no charge for this work.

                                "S. C. Reagan."

It was shown also that John Garvey did not appear before the notary public and make the affidavit; that the jurat was attached by the notary upon Dickerson's statement that it would be all right and that Garvey had signed it.

Dickerson did not deny that this was a fact, but insisted that the suit or complaint for divorce had never in fact been filed in court nor the alleged affidavit waiving service; and that it was kept among his own private papers after he had concluded not to bring the divorce suit at the time that it might be used later on if it was determined to proceed with the suit, and that as a matter of fact it was signed by John Garvey, although he did not appear before the notary and swear to it.

The court found appellant "guilty of knowingly and fraudulently offering to the court a false waiver of service on the defendant" and fined him $50 and ordered him committed to the county jail for twenty-four hours and his name stricken from the roll of attorneys in the chancery court.

*J. E. London* and *Covington & Grant,* for petitioner.

1. As to the contempt feature of the case, the court acquired no jurisdiction. The charge, as appears by the record, amount to no more than a contempt committed out of the presence of the court, and before appellant could be lawfully proceeded against, it was necessary to file a complaint or information, duly verified by affidavit, containing the substance of the charges against him, upon the filing of which a citation should have been issued and

.served upon the appellant, together with a copy of the verified charges. Kirby's Dig., § § 451-2-3; 22 Ark. 149; 26 Pac. 939; 28 Pac. 1070; 102 Ark. 122; 89 Ark. 76; 13 Wall. (U. S.) 354; 112 Ark. 213, and authorities cited.

2.    The judgment of disbarment was without jurisdiction and void.    A proceeding in contempt is criminal in its nature, which the court alone may determine, and a proceeding to disbar an attorney is a civil action to be determined generally by a jury.    The two can not be joined.    Moreover, when a court has pronounced judgment finding one guilty of contempt and adjudging him to pay a fine and to be imprisoned as a punishment therefor, the court has reached the limit of its authority.    It can not arbitrarily add to the punishment by a judgment of disbarment.    101 Ark. 210; 22 Ark. 149; 13 Wall. 354; 6 R. C. L. 523, 524.    See also 104 U. S. 612; 85 U. S. 163; 100 U. S. 371; 123 U. S. 483; 113 U. S. 712.

*Jos. M. Hill, James F. Read* and *Harry P. Daily,* for appellee.

1.    The contempt charged here was committed in open court, and the court had the authority to proceed summarily.    Kirby's Dig., § 722.    But instead, the charge was spread at length upon the records of the court on March 31, and appellant was informed by the court what the charges were, and he was notified to appear on April 1 and show cause, if he could, why he should not be punished.    At appellant's request the hearing was twice postponed and the case was finally heard on April 7. There can be no question but that the court had jurisdiction and that the fine and imprisonment for contempt was proper.

2.    In a disbarment proceeding it is necessary that the charges be reduced to writing and that the attorney be given an opportunity to be heard.    That was done in this case.    The order of the court was not a general disbarment, but only an order striking his name from the roll of attorneys practicing in that court, an inherent right which is well recognized in other jurisdictions and against which our own decisions do not militate.    22

Ark. 156; 27 Fed. 195; Fed. Cases, No. 6199; 82 Fed. 794; 85 Fed. 857; 74 Ky. 95; 60 Atl. 981; 33 W. Va. 250; 10 S. E. 407.

3. There was sufficient cause for the judgment of disbarment. Producing false testimony, presenting false papers or alternation of records are grounds for striking an attorney's name from the rolls. 75 N. Y. 329; 52 Pac. 756; 67 Am. St. Rep. 550; 2 Atl. 214; 84 Ill. 190; 119 Ill. 159; 57 Ky. 472; 2 Miss. 303; 129 Mo. 271; 40 Pac. 176; 88 Tenn. 531.

KIRBY, J., (after stating the facts). Appellant insists that the court was without authority to strike his name from the roll of attorneys of the chancery court and disbar him from practice therein as part of the punishment inflicted for contempt and that the judgment is not supported by the testimony.

The contempt appears to have been one committed in the immediate view and presence of the court. The evidence discloses that when appellant as attorney for Edith Garvey made application to the chancellor to sue as a poor person, he was asked if Garvey was in town and told to notify him of the application. He later returned to the court and without explanation presented the said affidavit, showing the waiver of service. The testimony shows at best in his favor that the statement was written out at his dictation by a stenographer and that Garvey's name was signed by the stenographer, a Miss Simmons, at the request of a man present, whom Dickerson told her was Garvey. It was not dated at the time, which was some time before the 29th day of March, and was dated upon that day when presented to the chancellor and appeared on the face of it to have been made and sworn to on that day.

If it be regarded a proceeding to punish for contempt not committed within the presence of the court, the written charge made upon the record of the court of which he was notified and given an opportunity to answer was sufficient, as held in *CarlLee* v. *State,* 102 Ark. 122. The statute authorizes the court to punish for criminal con-

tempt by a fine and imprisonment and provides that the persons punished shall still be liable to indictment for the offense if it is an indictable one, "but the court before which a conviction may be had on such an indictment shall in forming its sentence, take into consideration the punishment before inflicted."

(1)   Disbarment of an attorney is no part of the punishment prescribed by statute for any contempt of which he may be guilty, nor does his punishment for any such contempt prevent his being disbarred from practicing in any court, or all the courts of the State, if such act is one warranting disbarment.

(2)   The statute prescribes the proceeding for disbarment, which contemplates definite charges exhibited against the offender, and a time for a hearing fixed, of which he shall be notified.   Kirby's Digest, § § 450-466.

(3)   "Such proceedings are not criminal, but civil in their nature.   They are not instituted nor intended for the purpose of punishment.   The purpose of the proceedings for suspension and disbarment is to protect the court and the public from attorneys who, disregarding their oath of office, pervert and abuse those privileges which they have obtained by the high office they have secured from the court."   *Wernimont* v. *State,* 101 Ark. 216.

The accused is entitled to a trial by a jury in a proceeding to disbar, if he requests it, and the judgment of suspension or removal operates as a removal or suspension from practice in all the courts of this State.

(4-5)   The proceeding for the punishment of contempt of court charged herein is criminal in its nature as distinguished from civil, and although the written charge against the accused of which he was notified and appeared and defended against would have been sufficient as a charge in a disbarment proceeding, if it had notified the appellant that that was the purpose of it, it only put him on notice of and required him to answer a charge for contempt.

It was not intended that a proceeding to punish for contempt and one for disbarment of an attorney should

be joined in the same charge, nor that disbarment or suspension from practice as an attorney and counselor at law should be inflicted as punishment for contempt of court, although courts have inherent power to punish for contempt and those which grant licenses to attorneys have inherent power to revoke them. Our law does not contemplate that an attorney may be removed or suspended from the practice of his profession, unless upon written charges preferred and after notice and an opportunity to defend has been given. The punishment of appellant for contempt by fine and imprisonment would not have prevented his trial for disbarment upon the same charge, but he could not be tried at the same time, upon the one charge and punished for contempt by fine and imprisonment and removed from the practice of law or disbarred, without his consent. It can not be said that he did not object to such proceeding, for there was no notice that he was on trial for disbarment or that any such result would follow his conviction for contempt, and since the judgment of removal or suspension of an attorney in a disbarment proceeding by a court having authority to render it, operates while it continues in force as a removal or suspension from practice in all the courts of the State, no such judgment should be rendered except upon a formal charge therefor in accordance with the statute. *Beene* v. *State,* 22 Ark. 156; *Nichols* v. *Little,* 112 Ark. 213.

The court erred in its judgment disbarring the attorney and being without authority to order his removal as punishment for contempt in the proceeding, that part of its judgment will be quashed, and otherwise it will be affirmed.

It is so ordered.